UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ANNA SAMPSON,

       Plaintiff,      Index No.:

  -against-          **COMPLAINT**

SARAH LAWRENCE COLLEGE,     **JURY TRIAL DEMANDED**

       Defendant.

------------------------------------------------------------------X

  Plaintiff ANNA SAMPSON, by her attorneys HALPERIN & HALPERIN, P.C., complaining of the defendants herein, alleges as follows:

## THE PARTIES

  1. At all times hereinafter mentioned, plaintiff ANNA SAMPSON was and still is a resident and citizen of the State of Georgia.

  2. Upon information and belief, at all times hereinafter mentioned, defendant SARAH LAWRENCE COLLEGE was and still is a coeducational liberal arts college organized and existing pursuant to the laws of the State of New York, with its principal place of business situated in the County of Westchester and State of New York.

## JURISDICTION & VENUE

  3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1332(a)(1), as a consequence of the fact that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

4. This Court has personal jurisdiction over the defendant herein because defendant transacts business within the State of New York and this district; maintains offices within the State of New York and this district; has availed itself of the privilege of conducting activities within the State of New York and this district; and has engaged in the activities giving rise to this lawsuit within the State of New York and this district.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. Section 1391(a)(b) because defendant maintains offices within this district and/or is transacting business in this district; and a substantial part of the events or omissions giving rise to the claim occurred in this district.

**FACTUAL BACKGROUND**

6. Upon information and belief, at all times hereinafter mentioned, defendant SARAH LAWRENCE COLLEGE was and still is the fee owner of premises known by the street address, 1 Mead Way in the County of Westchester and State of New York (hereinafter "The Premises") and more particularly, the Westland Dormitory located upon the SARAH LAWRENCE COLLEGE campus, including the bluestone patio and steps which are situated directly adjacent to the Westland Dormitory (hereinafter, respectively, "The Westland Patio" and "The Westland Steps"), and as such, was under a duty to maintain The Premises and The Westland Patio & The Westland Steps in a safe, proper and lawful fashion, free from any defects, obstacles and/or traps, such that no person lawfully thereupon would be caused to sustain personal injuries.

7. Upon information and belief, at all times hereinafter mentioned, The

Westland Patio & The Westland Steps were and still are situated on the campus of SARAH LAWRENCE COLLEGE.

8. Upon information and belief, at all times hereinafter mentioned, defendant SARAH LAWRENCE COLLEGE, by its officers, agents and/or employees was and still is the managing agent of The Premises.

9. Upon information and belief, at all times hereinafter mentioned, defendant SARAH LAWRENCE COLLEGE, by its officers, agents and/or employees exclusively managed, maintained, operated and controlled The Premises, including The Westland Patio & The Westland Steps located upon The Premises.

10. Upon information and belief, at all times hereinafter mentioned, defendant SARAH LAWRENCE COLLEGE, its officers, agents and/or employees exclusively managed, maintained, operated and controlled The Premises, including The Westland Patio & The Westland Steps located upon The Premises.

11. Upon information and belief, at all times hereinafter mentioned, it was the duty of defendant SARAH LAWRENCE COLLEGE, its officers, agents and/or employees to maintainThe Premises, including The Westland Patio & The Westland Steps located upon The Premises, in a reasonable state of repair and good and safe condition, and not to suffer and permit said premises to become unsafe and dangerous to students, teachers or visitors lawfully upon The Premises.

## COUNT I

12. Plaintiff repeats, reiterates and realleges each and every allegation of

3

paragraphs "1" through "11", inclusive, of this Complaint, as if same were fully set forth herein at length.

13. On November 14, 2017, plaintiff was enrolled at SARAH LAWRENCE COLLEGE for the 2017/2018 academic year and as such, lawfully resided during the fall 2017 semester in student housing located upon The Premises.

14. On November 14, 2017, while plaintiff was lawfully upon The Premises, and while plaintiff was lawfully and carefully attempting to traverse The Westland Patio directly adjacent to The Westland Dormitory, plaintiff tripped and fell over an elevated section of bluestone situated on The Westland Patio, causing plaintiff to stumble and then fall down to the bottom of The Westland Steps, thereby causing plaintiff to sustain the injuries hereinafter described.

15. The aforesaid occurrence was caused through and by reason of the negligence and carelessness of the defendant SARAH LAWRENCE COLLEGE, by its officers, agents and/or employees in the ownership, operation, control, care, custody, charge, creation, supervision, management and/or maintenance of The Westland Patio and The Westland Steps located upon The Premises; in causing, creating, permitting and/or allowing a dangerous, hazardous, defective and unlawful conditions to be, continue and remain upon The Premises; in causing, permitting and/or allowing The Premises and in particular The Westland Patio and The Westland Steps, to be improperly improved or repaired or to fall into disrepair, thereby constituting a hazard to pedestrians, students and invitees upon The Premises; in causing, permitting and/or allowing The Premises and in particular, The Westland Patio and The

Westland Steps, to become loose, rotten and decrepit; in causing, permitting and/or allowing The Premises and in particular, The Westland Patio and The Westland Steps, to be improperly repaired; in causing, permitting and/or allowing The Premises and in particular, The Westland Patio and The Westland Steps, to become unsafe; in causing, permitting and/or allowing The Premises and in particular, The Westland Patio and The Westland Steps, to become uneven such that pedestrians were liable to trip, stumble, slip and/or fall while attempting to traverse them; in causing, permitting and/or allowing The Westland Patio and The Westland Steps to accumulate water, thereby becoming cracked, raised and uneven, and constituting a hazard to pedestrians thereon; in failing to take the necessary and requisite steps to lawfully and properly maintain The Premises and in particular, The Westland Patio and The Westland Steps, in a safe, proper and lawful fashion; in having and maintaining The Westland Patio and The Westland Steps upon which plaintiff was injured in an unguarded condition; in causing, permitting and/or allowing The Premises and in particular, The Westland Patio and The Westland Steps, to remain open in an unguarded condition; in failing to give plaintiff any notice or warning of the aforesaid hazardous condition although the defendant SARAH LAWRENCE COLLEGE, by its officers, agents and/or employees knew, or in the exercise of reasonable care, should have known of the dangerous, hazardous and unlawful condition upon The Premises and in particular, The Westland Patio and The Westland Steps; in failing to protect the safety of pedestrians lawfully upon The Premises and more particularly, plaintiff herein, from encountering the said dangerous, defective, hazardous and unlawful condition; in causing, permitting and/or allowing a nuisance to be, continue and remain upon The Premises; in

causing, permitting and/or allowing a trap to be, continue and remain upon The Premises; in failing to provide plaintiff with a safe, level, proper and hazard-free patio and/or walkway on which to walk; in maintaining The Westland Patio and The Westland Steps in a careless and imprudent manner; in causing, permitting and/or allowing The Westland Patio and The Westland Steps to become corroded; in failing to properly repair The Westland Patio and The Westland Steps prior to November 14, 2017 even after complaints regarding the condition of The Westland Patio and The Westland Steps had been made to defendant SARAH LAWRENCE COLLEGE, by its officers, agents and/or employees; in failing to inspect The Premises and in particular, The Westland Patio and The Westland Steps, so as to ascertain the aforesaid hazardous condition as above referred to; in failing to give plaintiff adequate, proper and/or sufficient notice or warning of the aforesaid hazardous condition by signs, barricades or otherwise; in permitting a violation of the applicable and pertinent statutes of the State of New York and the County of Westchester, as well as the applicable and pertinent municipal codes, rules and/or ordinances then and there appertaining; in causing plaintiff to sustain serious personal injuries; and in failing to take the necessary and requisite steps to prevent this foreseeable occurrence, although the defendant SARAH LAWRENCE COLLEGE, by its officers, agents and/or employees had due notice and knowledge of the condition complained of, or should have had notice and knowledge of the condition complained of.

16.     The aforesaid occurrence was caused through and by reason of the negligence of the defendant SARAH LAWRENCE COLLEGE, its officers, agents and/or employees, with no negligence on the part of plaintiff herein contributing thereto.

17. Upon information and belief, defendant SARAH LAWRENCE COLLEGE, its officers, agents and/or employees created the dangerous condition.

18. Upon information and belief, defendant SARAH LAWRENCE COLLEGE, its officers, agents and/or employees had both actual and constructive notice of the dangerous condition.

19. By reason of the aforesaid, plaintiff was caused to sustain serious, severe and painful personal injuries, some of which are permanent and lasting in their nature; was caused to be rendered permanently sick, sore, lame and disabled; was caused to suffer great pain and anguish and will in the future continue to so suffer; was caused to incur medical expenses, seek medical care, undergo extensive rehabilitation in an effort to cure herself of said injuries; was caused to be incapacitated from her usual duties, activities and employment and shall in the future continue to be so incapacitated, requires surgery and rehabilitation; and has been damaged in an indeterminate sum of not less than Ten Million ($10,000,000.00) Dollars, together with interest, counsel fees and the costs and disbursements of this action

## JURY DEMAND

20. Plaintiff hereby demands a trial by jury.

## RELIEF

**WHEREFORE**, plaintiff demands judgment against defendant SARAH LAWRENCE COLLEGE for compensatory damages in an indeterminate sum of not less than Ten Million ($10,000,000.00) Dollars; together with interest, counsel fees and the costs and disbursements of this action.

Dated: New York, New York
       August 16, 2018

            _____\\S\\_____
            Steven T. Halperin (STH-8723)
            HALPERIN & HALPERIN, P.C.
            Attorney for Plaintiff
            ANNA SAMPSON
            Office & P.O. Address
            18 East 48th Street
            New York, New York  10017
            (212) 935-2600