UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ANNA SAMPSON,

                       Plaintiff,

    -against-

SARAH LAWRENCE COLLEGE, CARRIAGE
CONSTRUCTION CORP. AND EMPIRE PAVING &
MASONRY, INC.,

                       Defendants.
-----------------------------------------------------------X

**ORDER**

18 Civ. 7518 (JCM)

       Plaintiff Anna Sampson brought this action against Defendants Sarah Lawrence College ("Sarah Lawrence"), Carriage Construction Corp. ("Carriage") and Empire Paving & Masonry, Inc. ("Empire") to recover for personal injuries allegedly suffered by Plaintiff on November 14, 2017—when she slipped and fell on a patio in front of the Westlands Dormitory on Sarah Lawrence College's campus. (Docket No. 19). Plaintiff filed affidavits of service for Carriage and Empire. (Docket Nos. 24 and 25). On April 3, 2019, Defendant Sarah Lawrence filed its Answer to Plaintiff's Amended Complaint and asserted cross-claims against Carriage and Empire. (Docket No. 27). Sarah Lawrence did not file proof of service of its cross-claims on the docket, and has represented to the Court that it did not serve the cross-claims.

       On April 10, 2019, Plaintiff and Defendant Sarah Lawrence consented to the jurisdiction of the assigned magistrate judge for all purposes, pursuant to 28 U.S.C. § 636(c) by executing a Form AO 85. (Docket No. 29). On April 18, 2019, the Hon. Kenneth M. Karas, United States District Judge, so-ordered the Form AO 85, thereby referring the case to me to conduct all proceedings, including trial, the entry of final judgment and all post-trial proceedings. (Docket No. 29). The Clerk of the Court thereafter assigned the entire case to my docket.

Defendants/Cross-Defendants Carriage and Empire (the "Nonconsenting Parties") did not consent to the jurisdiction of the assigned magistrate judge pursuant to 28 U.S.C. § 636(c) and, because they are in default, they cannot consent. (Docket No. 99). At a telephone conference on March 8, 2023, Plaintiff and Sarah Lawrence agreed to have Plaintiff's claims, and Sarah Lawrence's cross-claims, against the Nonconsenting Parties severed from this action.

Trial in this matter is scheduled to commence on September 14, 2023. A magistrate judge may only exercise plenary jurisdiction over consenting parties. *See* 28 U.S.C. § 636(c)(1) (the magistrate judge "may conduct any or all proceedings . . . and order the entry of judgment in the case" "[u]pon the consent of the parties"). Rule 73 of the Federal Rules of Civil Procedure specifies that all parties must consent. *See* Fed. R. Civ. P. 73. The consent must be "clear and express." *N.Y. Chinese TV Programs, Inc. v. U.E. Enters., Inc.*, 996 F.2d 21, 24–25 (2d Cir. 1993); *see also Rodrigues v. Corona Advances, Inc.*, 15-CV-6815 (BCM), 2018 WL 4043149, at *3 (S.D.N.Y. Aug. 24, 2018) (magistrate judge lacked jurisdiction to issue judgment against defaulted defendant who never consented pursuant to § 636(c)).

Accordingly, the Court hereby ORDERS that, pursuant to Rule 21 of the Federal Rules of Civil Procedure, Plaintiff's claims against the Nonconsenting Parties, and Sarah Lawrence's cross-claims against the Nonconsenting Parties, are SEVERED from this action.

The Clerk of the Court is respectfully directed to:

1. open a new case, under a new docket number, for Plaintiff's claims, and Sarah Lawrence's cross-claims, against the Nonconsenting Parties;
2. assign the new case to the Hon. Kenneth M. Karas, U.S.D.J., and to the Hon. Judith C. McCarthy, U.S.M.J.;
3. waive the filing fee for the new case;

4. include all docket entries from 18 Civ. 7518 (JCM) in the docket created for the new case; and

5. terminate Defendants/Cross-Defendants Carriage and Empire on the docket of 18 Civ. 7518 (JCM).

Dated:  March 9, 2023
        White Plains, New York

SO ORDERED:

*[signature]*
JUDITH C. McCARTHY
United States Magistrate Judge